IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| United Commerce Center, Inc. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 3:13-CV-02075-P |
| | § | |
| The Travelers Lloyds Insurance Company | § | |
| | § | |
| Defendants. | § | |

## SCHEDULING ORDER
### TRIAL DATE: August 18, 2014 at 9:00 AM
### PRETRIAL CONFERENCE DATE: August 8, 2014 at 10:30 AM

The Court, having considered the parties' Joint Proposal for Contents of Scheduling and Discovery Order filed July 01, 2013 establishes the following schedule for disposition of this case:

1) The JURY TRIAL is scheduled on this Court's two-week docket beginning **August 18, 2014 at 9:00 AM.**

2) A Pretrial Conference is scheduled for **August 8, 2014 at 10:30 AM.**

3) Counsel shall comply with Fed. R. Civ. P. 26(a)(1) no later than **August 19, 2013**;

4) Motions for leave to join other parties shall be filed by **February 21, 2014**;

5) Motions for leave to amend pleadings shall be filed by **February 21, 2014**;

6) The party with the burden of proof on a claim shall file a designation of expert witnesses and comply with Fed. R. Civ. P. 26(a)(2) no later than **January 21, 2014**;

7) Rebuttal designation of expert witnesses and compliance with Fed. R. Civ. P. 26(a)(2) shall be made no later than **February 21, 2014**;

8) All discovery procedures shall be initiated in time to complete discovery by **April 21, 2014.**

9) Counsel shall confer and file a joint report setting forth the status of settlement negotiations by **May 5, 2014**;

10) All dispositive motions, including motions for summary judgment on all or some of the claims, Daubert motions, and motions to exclude or objections to expert witnesses, shall be filed by **May 21, 2014**;

11) Counsel shall file by **July 25, 2014**, a Joint Pretrial Order containing the information required by Local Rule 16.4 plus the following:

   (a) A list of witnesses who may be called by each party in its case in chief. Each such witness list shall contain a narrative summary of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness' testimony at trial is "probable," "possible," "expert" or "record custodian." A copy of this list must be furnished to the Court Reporter <u>prior</u> to trial;

   (b) Each party's requested jury instructions (annotated) and interrogatories;

   (c) A report as to settlement negotiations and the status thereof as of the date of the Pretrial Order; and

   (d) Trial briefs may be filed with the Pretrial Order, but are not required unless specifically requested by the Court.

   The Joint Pretrial Order will control all subsequent proceedings in the case.

12) The actions required by Local Rule 26.2 shall be accomplished by **August 6, 2014**. <u>This shall include providing your trial exhibits on CD to the Court's chambers.</u>
**PLEASE NOTE:** All exhibits are to be on CD. Label the CD with the style of the case, case number and whether it contains plaintiff(s) or defendant(s) exhibits. Your CD should contain an Exhibit Index page at the beginning. Special exhibit labels are not necessary. You may use the standard plaintiff/defendant exhibit labels. In a jury trial, provide one CD for the judge. In a bench trial, provide one CD for the judge and one CD for the law clerk. Have your CD delivered to chambers. The Court does not accept the original exhibits prior to trial. The original exhibits are retained by counsel and shall be admitted into the official record throughout the trial. It is the duty of counsel to care for the original exhibits before and after trial. A receipt for exhibit form will be given to counsel after trial, indicating that the original exhibits have been taken back into the custody of each counsel. Said receipt for exhibit form will be filed with the District Clerk and will become part of the official record in the case. It will be the responsibility of each counsel to forward to the Court of Appeals any exhibits deemed necessary for appeal. **All questions regarding exhibits are to be directed to the Court Reporter at 214/753-2349**.

13) Objections to witnesses (except expert witnesses), exhibits, and deposition designations shall be filed by **August 11, 2014**.

Counsel must confer about exhibits and make reasonable efforts to agree upon admissibility.

14) Motions in limine and requested voir dire questions shall be filed by **August 11, 2014**.

15) All objections to the proposed jury instructions shall be filed by **August 11, 2014**.

The courtroom is now equipped with computer monitors at the bench, counsel table, the jury box, and the witness chair. These monitors permit the display of an exhibit at all of those locations simultaneously, together with the possibility of highlighting portions of the exhibit. Counsel contemplating the use of such equipment at trial should schedule training prior to the trial setting on the use of such equipment for themselves and/or their assistants who will be operating it. Training is available upon request from the Court Reporter at 214/753-2349. Each training session will last between thirty minutes and one hour.

**Any requests for extensions of these deadlines will be viewed with disfavor and will be denied, absent a showing of good cause.**

The Court will determine the order in which the cases will be tried on this two-week docket at the pretrial conference. Counsel and the parties shall be ready for trial on 48 hours notice at any time during this two-week period.

**IT IS SO ORDERED** this 22nd day of July, 2013.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE