UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED COMMERCE CENTER, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-cv-02075-P |
| | § | |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

DEFENDANT THE TRAVELERS LLOYDS INSURANCE COMPANY'S
REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF
DOCUMENTS

Defendant The Lloyds Insurance Company ("Travelers"), files this Reply in Support of

its Motion to Compel Production of Documents (the "Motion") pursuant to a subpoena served on

third party Hunter's Precision Construction & Roofing, Inc. ("Precision") and would respectfully

show the Court as follows:

A.    **The Policy entitles Travelers to know the amount "actually spent" to replace the
      roof on Plaintiff's building, which is relevant to determine whether additional
      amounts may be owed to Plaintiff under the Policy.**

Precision incorrectly asserts the Policy issued by Travelers to Plaintiff United Commerce

Center, Inc. ("UCC") does not entitle Travelers to know the amount spent to replace the roof on

the building insured by Travelers. The Policy states as follows:

   **4. Loss Payment – Building and Personal Property**

   a.    In the event of loss or damage covered by this Coverage Form, at our
         option, we will either:

         (1)    Pay the value of lost or damaged property;

(2)     Pay the cost of repairing or replacing the lost or damaged property, subject to Paragraph b. below;

(3)     Take all or part of the property at an agreed or appraised value; or

(4)     Repair, rebuild or replace the property with other property of like kind and quality, subject to Paragraph b. below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of Paragraph e. below or any applicable provision which amends or supersedes these valuation conditions.

\*\*\*

e.      We will determine the value of Covered property in the event of covered loss or damage as follows:

(1)     At replacement cost (without deduction for depreciation), except as provided in Paragraphs (2) through (18) below.

\*\*\*

(b)     We will not pay on a replacement cost basis for any loss or damage:

(i)     Until the lost or damaged property is actually repaired or replaced; and

(ii)    Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

\*\*\*

(c)     We will not pay more for loss or damage on a replacement cost basis than the least of Paragraphs (i), (ii) or (iii) subject to Paragraph (d) below:

(i)     The Limit of Insurance applicable to the lost or damaged property;

(ii)    The cost to replace the lost or damaged property with other property:

a)  of comparable material and quality; and

b)   Used for the same purpose; or

(iii)   The amount actually spent that is necessary to repair
or replace the lost or damaged property.

Accordingly, pursuant to the terms of the Policy, Travelers is entitled to limit its payment for replacement cost damages to "the amount actually spent that is necessary to repair or replace the lost or damaged property." The Policy also requires the insured to provide "complete inventories of the damaged and undamaged property," including "quantities, costs, values and amount of loss claimed;" to permit Travelers to "inspect the property proving the loss or damage and examine your books and records;" and to cooperate "in the investigation and settlement of the claim." In its discovery responses, Plaintiff has stated it does not have information regarding the amount actually spent to replace the roofing system at issue. Rather, Precision has that information. Travelers is therefore seeking responsive materials from Precision via subpoena.

Precision mistakenly asserts that because it was not a party to the insurance contract it has no duty to respond to a properly served subpoena. The Federal Rules of Civil Procedure clearly allow Travelers to subpoena documents from third parties and Precision cites no case law in support of its unreasonable argument that Travelers cannot subpoena documents from Precision because Precision is not an insured.

Precision also incorrectly asserts the information Travelers requested is irrelevant to Travelers' duties and obligations under the Policy. However, as noted above, the Policy allows Travelers to limit payment for replacement cost damages to the amount actually spent that was necessary to replace Plaintiff's damaged property. In order to determine the replacement cost value of Plaintiff's claim, Travelers must have information showing the amount actually spent that was necessary to replace the roof on Plaintiff's commercial property. Travelers has confirmed that Plaintiff has not paid Precision any amount in addition to the actual cash value

payments previously issued by Travelers. Accordingly, as Travelers has indicated several times to Plaintiff and to Precision, in order to issue a supplemental payment for replacement cost, Travelers requires information showing what was actually spent to complete the roofing project.

In its response to the Motion, Precision indicates it used Xactimate software to complete an estimate of the costs it should charge Plaintiff, yet Precision claims that estimate is not relevant to determining the actual amount spent to replace the roof on Plaintiff's building and refuses to provide a copy of that estimate or any other documentation related to costs to Travelers. Travelers is only seeking documents related to material and labor costs on the 2012 roof replacement project, which are relevant to its determination of the replacement cost value of Plaintiff's claim. Additionally, contrary to Precision's assertions, Travelers is not required to pay excessive profit and overhead costs merely because a contractor does not want to disclose its profit margins. The Policy only requires payment of "necessary" amounts, which generally include industry standard overhead and profit of 20%. Precision asserts Travelers is not entitled to responsive documents because Travelers has not asserted Precision charged an unreasonable price, but at this point Travelers does not have the information it needs to know whether the price was unreasonable or not and Precision refuses to respond to a subpoena seeking to clarify that issue.

Further, Travelers is not required to pay for damages which did not result from a weather-related event. As Precision acknowledges in the affidavit cited in its response to the Motion, a supplemental invoice was issued for "additional damage" to the roofing system. Travelers contends the "additional damage" is not covered under the Policy because that damage was not caused by a "covered cause of loss," but resulted from wear and tear. Therefore, in order for Travelers to determine which damages may be covered under the Policy and which are not, it

must have the actual amounts spent on non-covered costs, including replacement costs for deteriorated roof decking not damaged by wind or hail. Because only Precision has that information, Travelers has subpoenaed those documents from Precision. Additionally, because Precision has failed to establish the materials Travelers seeks are not relevant to the claims at issue in this lawsuit, or that the Federal Rules of Civil Procedure do not apply to third parties to a contract, Precision should be ordered to produce responsive documents.

**B.**     **Travelers will agree to enter into a protective order, making Precision's trade secret argument moot.**

Precision claims the prices it pays for labor and materials are confidential and proprietary information constituting trade secrets. Assuming that is the case, Travelers will agree to enter into a protective order regarding all documents produced in response to the subpoena. As stated by the Southern District of Texas in the case cited by Precision, the United States "Supreme Court has recognized that 'orders forbidding any disclosure of trade secrets or confidential commercial information are rare.'" *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 804 (S.D. Tex. 2010) (*quoting Fed. Open Market Comm. of the Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 363 n.24, 99 S. Ct. 2800 (1979)). The "key issue is not whether the information will be disclosed but under what conditions." *Id.* (quoting Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2043 (2d ed. 1994)). Because Travelers is not in competition with Precision, an agreement to maintain the confidentiality of the information should sufficiently address Precision's concerns regarding disclosure of this information to a competitor.

Further, Travelers cannot determine whether additional payments are owed under the Policy without information showing what amounts were actually paid to replace the roof on the building insured under the Policy issued to Plaintiff. Because only Precision has the information required to determine Plaintiff's damages and whether additional amounts may be owed to

Plaintiff under the Policy, the information sought is not only relevant to this matter, it is the key

to determining whether Travelers owes Plaintiff additional amounts under the Policy. Precision

should therefore be ordered to produce responsive documents subject to a protective order.

Accordingly, Travelers respectfully requests that this Court grant the Motion in its

entirety.

Respectfully submitted,


*/s/ Alissa Puckett*
WM. LANCE LEWIS
  Texas Bar No. 12314560
ALISSA PUCKETT
  Texas Bar No. 24056886
QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100
(214) 871-2111 (Fax)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT
THE TRAVELERS LLOYDS INSURANCE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned hereby certifies that on the 9th day of October, 2013, a true and correct copy of the foregoing document was served via electronic case filing upon counsel for Plaintiff and Precision as follows:

Bobby M. Rubarts
KONING RUBARTS LLP
1700 Pacific Avenue, Suite 1890
Dallas, Texas  75201


                    */s/ Alissa Puckett*
                    Wm. Lance Lewis / Alissa Puckett