IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED COMMERCE CENTER, INC., § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-2075-P |
| § | |
| THE TRAVELERS LLOYDS § | |
| INSURANCE COMPANY, § | |
|     Defendant. § | |

## ORDER

Pursuant to 28 U.S.C. § 636(b), and an Order of Reference from the District Court, Defendant The Travelers Lloyds Insurance Company's ("Travelers") Motion to Compel Production of Documents (doc. 8, "Motion to Compel"), filed on September 10, 2013, has been referred to the United States Magistrate Judge. Third Party Hunter's Precision Construction & Roofing, Inc. ("Precision") filed a response to the Motion to Compel on September 27, 2013, and Travelers, in turn, filed its reply. Upon review of the relevant law and pleadings, the Court finds the motion meritorious and **GRANTS** the Motion to Compel, subject to the entry of a protective order.

## Background

Plaintiff United Commerce Center, Inc. ("Plaintiff") filed this lawsuit against Travelers, alleging a breach of the parties' insurance contract due to Travelers failing to pay damages from a hail storm in May of 2011 which caused damage to the roof of Plaintiff's building. (Def.'s Mot. at 1.) Travelers paid the actual cash value on Plaintiff's claim, however, it refused to make the replacement cost value payments when Plaintiff failed to provide information showing the amount actually spent to repair or replace the damaged property. (*Id.*) After discovery requests were served on Plaintiff, Travelers was informed that Plaintiff did not have the requested information and it only

had an invoice from Precision, the contractor who repaired and/or replaced Plaintiff's roof. (*Id.* at 2.)

Thus, on July 31, 2013, Travelers issued a Subpoena to Produce Documents, Information, or Objects (the "Subpoena") to Precision, however, Precision failed to comply with the Subpoena. (*Id.* at 2.) The Subpoena requests information connected with the 2012 roof replacement project that Precision completed for Plaintiff. (*Id.* at 2, Ex. A.) Specifically, the Subpoena requests (1) a copy of any and all documents related to the project, including invoices, receipts, bank statements, credit card statements, time sheets, and log sheets; and (2) any and all documents reflecting the number of hours each employee, contractor, temporary hire, subcontractor, or other laborer worked on the project. (*Id.* at Ex. A.) After Precision failed to comply with the Subpoena, Travelers filed the Motion to Compel which is currently pending before this Court and is now ripe for determination.

**Analysis**

Pursuant to Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b). Under Rule 37(a), a party may move the court for an order compelling such discovery or disclosure after the movant has made a good faith effort to confer with the other person regarding the requested discovery or disclosure. FED. R. CIV. P. 37(a).

In this case, Travelers contends that it is entitled to the information requested in the Subpoena because Plaintiff's claims in this lawsuit concern amounts that Plaintiff owes Precision based on Precision's proposal and invoice for work it performed on Plaintiff's roof. (Def.'s Mot. at 2-3.) Travelers avers that the documents requested are material to its defense because pursuant to their insurance contract, Travelers is entitled to know the actual amount spent to replace the roof and any

2

related damage which corresponds to the amount that Plaintiff is claiming Travelers failed to pay. (*Id.* at 3.) Precision counters that Travelers is not entitled to the requested information because (1) the insurance contract between Plaintiff and Travelers requires Travelers to pay for the work performed, not the actual costs incurred by Precision; (2) Precision is not a party to the contract and, thus, neither Plaintiff nor Travelers can enforce the terms of the contract against Precision; (3) the requested information is not relevant to the dispute because there has been no accusation that Precision failed to perform the work or charged an unreasonable amount for its work; and (4) the information requested is confidential and proprietary business information. (Precision Resp. at 2-4.)

In its reply, Travelers points to a clause in the insurance contract which allows Travelers to limit its replacement cost damages payment to "the amount actually spent that is necessary to repair or replace the lost or damaged property." (Def.'s Reply at 2-3.) The Court agrees with Travelers that the information requested in the Subpoena is relevant and material to this action. Documents related to material and labor costs on the 2012 roof replacement project that Precision performed are relevant to Travelers' determination of the replacement cost value of Plaintiff's claim. To the extent there was "additional damage" to Plaintiff's roof, not caused by the hail storm, Travelers may not be required to cover that damage under the insurance contract and, thus, Travelers is entitled to discover actual amounts spent by Precision on non-covered costs. Additionally, although there is no allegation that Precision overcharged Plaintiff, Travelers does not have that information at this time to make such a determination. Furthermore, Precision's status as a third-party does not exempt it from being compelled to produce relevant documents in this action. *See* FED. R. CIV. P. 34(c) ("a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

Nonetheless, the Court also finds that the requested information is confidential and

proprietary business information that may constitute a trade secret.[1] Rule 26(c)(1) provides that for good cause, a court may issue an order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, by requiring that a trade secret or other confidential information be revealed only in a specified way. FED. R. CIV. P. 26(c)(1). "It is well settled that there is no absolute privilege for trade secrets and similar confidential information." *M-I LLC v. Stelly*, 733 F.Supp.2d 759, 801 (S.D. Tex. 2010) (quoting 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2043 (2d ed. 1994)) (internal quotation marks omitted). The district court has discretion to determine whether trade secrets are relevant and the necessary safeguards to protect their disclosure by means of a protective order. *Id.* at 802.

The Court has already found that the information requested is relevant and material to this case. Furthermore, Precision has failed to show why its trade secrets should be entirely exempt from discovery. Accordingly, the Court finds that the information requested is discoverable and shall be produced by Precision subject to an agreed upon protective order. *See M-I LLC*, 733 F.Supp.2d at 804 (finding that the outright prohibition on trade secret disclosure is exceedingly rare and the entry of a protective order restricting disclosure to counsel or to the parties is more common).

**IT IS HEREBY ORDERED** that Travelers' Motion to Compel (doc. 8) is **GRANTED**, subject to the entry of a protective order between Travelers and Precision.

**IT IS FURTHER ORDERED** that once Travelers and Precision have a mutually agreeable protective order in place, Precision shall have ten days from the date of the protective order in which to produce documents responsive to Travelers' Subpoena.

---

1 The Court need not determine whether the information requested constitutes a de facto trade secret because Travelers is not opposed to treating the materials as trade secrets and entering into a protective order regarding all the documents to be produced in response to the Subpoena.

**SO ORDERED**, November 8, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE