UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED COMMERCE CENTER, INC. | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-cv-02075-P |
| | § | |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY, | § | |
| | § | |
|     Defendant. | § | |

## AGREED PROTECTIVE ORDER

**Proceedings and Information Governed.**

    1.    This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action, including but not limited to Hunter's Precision Construction & Roofing, Inc. ("Precision"). The information protected includes, but is not limited to: answers to interrogatories, answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writing or things produced, given or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

    2.    For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information

that is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential. Confidential Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

   3.   Documents and things produced during the course of this litigation within the scope of paragraph 2 above may be designated by the producing party, including Precision, as containing Confidential Information by placing on each page and each thing a "Confidential" stamp.

   A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. Precision may designate information disclosed at a deposition of a Precision corporate representative or employee taken in this matter as Confidential Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party, or Precision to the extent the deposition was of a Precision corporate representative or employee, will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information. Each

party, Precision to the extent the deposition involves a Precision corporate representative or employee, and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.  It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted in this Protective Order.

**Inadvertent Failure to Designate.**

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity.  The information must be treated by the receiving party as confidential from the time the receiving party is noticed in writing of the change in designation.

**Challenge to Designations.**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation.  The producing party will then have ten (10) business days after receipt of the receiving party's request to advise the receiving party whether or not it will change the designation.  If the parties are unable to reach agreement after the expiration of this ten (10) day business day time-frame, the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information.  Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the

information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential information may not be used for any other purpose.

7. Subject to paragraph 8 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) any other party in this litigation; (b) current or former employees or representatives of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (c) in-house counsel who are identified by the receiving party; (d) outside counsel for the receiving party; (e) supporting personnel employed by (c) and (d), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (f) experts or consultants; and (g) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

8. Further, prior to disclosing Confidential Information to a receiving party's proposed expert, consultant, representatives, or current or former employees, the receiving party must obtain a signed Confidentiality Agreement in the form attached as Exhibit A and retain such Agreement as long as this Protective Order remains in effect. The receiving party must produce all executed copies of Exhibit A in its possession upon request by the producing party, except for experts and consultants that have not been named as testifying experts.

9. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

10. Confidential Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

   a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee;

   b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

   c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

11. If any party wishes to submit Confidential Information to the court, the submission must be filed only in a sealed envelope bearing the caption of this action and a note in the following form:

**CONFIDENTIAL INFORMATION**
[caption]
This envelope, which is being filed under seal, contains documents
that are subject to a Protective Order governing
the use of confidential discovery material.

**No Prejudice.**

12. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party or Precision to apply to the presiding judge for further protective orders; or (e) prevent the parties and Precision from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

13. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Remedies.**

14. It is Ordered that this Protective Order will be enforced by sanctions as may be awarded by the presiding judge, including the power to hold parties or other violators of this

Protective Order in contempt. All other remedies available to any person injured by violation of this Protective Order are fully reserved.

15. Any party or Precision may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

SO ORDERED this 11th day of December 2013.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE


AGREED:

/s/ *Bobby M. Rubarts*
BOBBY M. RUBARTS
Attorney for Plaintiff
United Commerce Center


//s/ *Bobby M. Rubarts*
BOBBY M. RUBARTS
Attorney for Non-Party
Hunter's Precision Construction & Roofing, Inc.


/s/ *Alissa Puckett*
WM. LANCE LEWIS
ALISSA PUCKETT
Attorneys for Defendant
The Travelers Lloyds Insurance Company

**Exhibit A**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED COMMERCE CENTER, INC.** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:13-cv-02075-P** |
| | § | |
| **THE TRAVELERS LLOYDS** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
|     **Defendant.** | § | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT, REPRESENTATIVES, OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

    Information, including documents and things, designated as "Confidential Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    I have been given a copy of and have read the Protective Order.

    I am familiar with the terms of the Protective Order and I agree to comply and to be bound by its terms.

    I submit to the jurisdiction of this Court for enforcement of the Protective Order.

    I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without

the express written consent of the party who designated the information as confidential, including but not limited to non-party Hunter's Precision Construction & Roofing, Inc., or by order of the presiding judge.  I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

    I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

    _____

    Print name: _____

    Date:  _____

**Exhibit B**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED COMMERCE CENTER, INC.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-cv-02075-P |
| | § | |
| **THE TRAVELERS LLOYDS** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential,

including but not limited to non-party Hunter's Precision Construction & Roofing, Inc., or by order of the presiding judge.

_____

Print name: _____

Date:  _____