## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED COMMERCE CENTER, INC., | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-cv-2075 |
| | § | |
| THE TRAVELERS LLOYDS INSURANCE | § | |
| COMPANY, | § | |
| **Defendant.** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

Pursuant to the Court's Scheduling Order, Plaintiff United Commerce Center, Inc. ("UCC") files this First Amended Complaint, complaining of Defendant the Travelers Lloyds Insurance Company (the "Insurer") for the following reasons:

## I.  THE PARTIES

1.     UCC is a Texas corporation, with its principal place of business in Irving, Texas.

2.     The Defendant removed this case to federal court, alleging that it is an unincorporated association and that none of its members reside in Texas.  UCC has not verified the truth of these allegations, but has no evidence to the contrary.  The Insurer already has been served with process and has appeared in this action for all purposes.

## II.  JURISDICTION AND VENUE

3.     The Insurer alleges that jurisdiction is proper in this court based upon diversity of citizenship.  UCC has no evidence to contest the Insurer's allegations in this regard.

4.     Venue is proper in this District because a substantial part of the events or omissions giving rise to UCC's claims occurred in Dallas County, Texas.   28 U.S.C. § 1391(b)(2).

### III.  BACKGROUND

5.      UCC has purchased insurance for its business from the Insurer for several years. Among other coverages, the Insurer issued a policy of insurance, Policy Number ILPAC 8196M527, which included a coverage form entitled "Businessowners Property Coverage Special Form MP T1 02" (the "Policy").   Among other things, the Policy provided property coverage for UCC's buildings located at 1720 E. Irving Blvd. in Irving, Texas (the "Building").

6.      In the spring of 2011, the Building's roof was damaged by a hailstorm (the "Loss").  The Loss was covered by the Policy to the full extent of the value of the cost to repair and replace the roof (the "RCV").  UCC timely made an insurance claim with the Insurer and fulfilled all conditions precedent to recovering under the Policy (the "Insurance Claim").

7.      On about July 25, 2012, the Insurer investigated the Loss, acknowledged the Loss was covered under the Policy, and represented that the RCV payment would be $981,694.64. When the repairs began, however, additional damages to the Building were uncovered, and the Insurer subsequently revised its estimate of the RCV to $1,040,153.81.  At the same time, the Insurer determined that the actual cash value of the repairs (the "ACV") was $684,565.84.

8.      Under the Policy, the Insurer was required to pay the ACV prior to the repairs being completed, and to pay the full RCV when the repairs were completed.  Ultimately, the necessary repairs to the Building—which were completed in approximately December 2012— cost $1,180,683.84.  While the Insurer paid *part* of the ACV—and, after this lawsuit was filed, made an additional payment—it has failed and refused to pay the remaining amount owed.  The Insurer also represented to UCC that it was not required to pay the RCV until it had proof of the roofer's costs.  This statement misrepresented the Policy and the law.

## IV.  CAUSES OF ACTION

### COUNT I
### BREACH OF THE INSURANCE CONTRACT BY THE INSURER

9.      The Insurer has failed to acknowledge and pay to UCC the amount to which it is entitled under the Policy.  Its failure to do so constitutes a breach contract, for which UCC now sues.

10.     UCC has fulfilled all conditions precedent to its recovery under this cause of action.

### COUNT II
### VIOLATIONS OF TEX. INS. CODE CHAPTER 541

11.     By engaging in the conduct described above, the Insurer has violated § 541.060 of the Texas Insurance Code as follows:

      a.      misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

      b.      failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and

      c.      refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

12.     The Insurer committed this wrongful conduct knowingly.  UCC has fulfilled all conditions precedent to its recovery under this cause of action.  UCC has sustained actual damages as a result of this conduct, for which it now sues.

13.     By engaging in the conduct described above, the Insurer also violated § 541.061 of the Texas Insurance Code as follows:

      a.      making an untrue statement of material fact;

      b.      failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

      c.     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

      d.     making a material misstatement of law.

14.    The Insurer committed this wrongful conduct knowingly.  Plaintiff has fulfilled all conditions precedent to its recovery under this cause of action or such conditions precedent have been excused by law or otherwise.  Plaintiff has sustained actual damages as a result of this conduct, for which it now sues.

## COUNT III
## VIOLATIONS OF TEX. INS. CODE CHAPTER 542

15.    The Insurer also violated § 542.003 of the Texas Insurance Code as follows: a) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue; b) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and c) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

16.    Additionally, the Insurer's delay and conduct associated with handling the Insurance Claim violated the Texas Insurance Code:

      Delaying payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days after receiving all items, statements, and forms reasonably requested and required under Section 542.055.

17.    The Insurer committed this wrongful conduct knowingly.  UCC has fulfilled all conditions precedent to its recovery under this cause of action or such conditions precedent have been excused by law or otherwise.  UCC has sustained actual damages as a result of this conduct, for which it now sues.

## COUNT IV
## PLAINTIFF'S INVOCATION OF ITS RIGHTS UNDER
## TEX. INS. CODE §§ 541.152, 542.058, AND 542.060

18.     Pursuant to Texas law, and for the reasons described in this petition, UCC seeks to recover a) the amount of actual damages, plus court costs and reasonable and necessary attorney's fees; b) additional damages in an amount three times the amount of actual damages, all as provided in § 541.152 of the Texas Insurance Code; and c) any other relief the court deems proper.

19.     Additionally, UCC invokes its rights under § 542.058 of the Texas Insurance Code to recover the penalties set forth in § 542.060, including 18% interest and attorneys' fees.

20.     UCC committed this wrongful conduct knowingly.   UCC has fulfilled all conditions precedent to its recovery under this cause of action or such conditions precedent have been excused by law or otherwise.  UCC has sustained actual damages as a result of this conduct, for which it now sues.

## COUNT V
## TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

21.     For the reasons set forth above, the Insurer violated § 17.46(b)(12) of the Texas Business & Commerce Code.   Additionally, the Insurer's unlawful acts were unconscionable under § 17.50(a)(3) of the Texas Business & Commerce Code because they attempted to take advantage of UCC's lack of knowledge, ability, experience, and/or capacity with respect to interpreting the Policy to a grossly unfair degree.  The resulting unfairness to UCC glaringly is noticeable, flagrant, complete and unmitigated.   Finally, the Insurer also is liable under § 17.50(a)(4) of the Texas Business & Commerce Code because its conduct violated Chapters 541 and 542 of the Texas Insurance Code, as outlined above.

22.     The Insurer's wrongful conduct was intentional, knowing, and a producing cause of damages to UCC, which is entitled, therefore, to all the relief contained within the DTPA, including, but not limited to, economic damages, attorneys' fees, interest, costs, and treble damages, for which it now sues.

23.     UCC has fulfilled all conditions precedent to its recovery under this cause of action or such conditions precedent have been excused by law or otherwise.

### COUNT VI
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

24.     The Insurer owed UCC a duty of good faith and fair dealing, which required it to (1) perform its duties and obligations under the Policy in a reasonable and timely manner, and (2) properly handle the Insurance Claim.  The Insurer's actions described above were wanton, reckless, malicious and/or intentional in disregard to UCC's rights under the Policy. Additionally, the Insurer's conduct described herein was malicious, fraudulent or grossly negligent.  As a result of the Insurer's actions, UCC suffered economic damages in an amount to be determined by the trier of fact, for which damages it now sues.

### COUNT VII
### ATTORNEYS' FEES AND COSTS

25.     Pursuant to applicable law, including but not limited to Tex. Civ. Prac. & Rem. Code § 38.001, the Texas Insurance Code and the Texas Deceptive Trade Practices Act, UCC hereby sues the Insurer for costs of court, and reasonable and necessary attorneys' fees.  UCC has fulfilled all conditions precedent to recovery of its fees and costs, including but not limited to presentment, or such conditions precedent have been excused by law or otherwise.

## COUNT VIII
## ADDITIONAL AND EXEMPLARY DAMAGES

26.     Further, UCC seeks exemplary damages against the Insurer because its wrongful conduct was undertaken with a state of mind that justifies the imposition of exemplary damages. UCC seeks such damages not only to punish the Insurer for its outrageous conduct, but also to deter other insurers from engaging in the same or similar conduct.

## JURY DEMAND

27.     As is its right under the constitutions and laws of the United States and this State, UCC hereby respectfully requests a trial by jury.

WHEREFORE, UCC respectfully requests that it have judgment against the Insurer, consistent with its allegations in this Petition, and that it recover its costs, attorneys' fees, pre and post-judgment interest, penalties and/or exemplary damages, if applicable, and such other and further relief at law or in equity to which it may be entitled.

Respectfully submitted,

s/ Bobby M. Rubarts
Bobby M. Rubarts
State Bar No. 17360330
bobby.rubarts@koningrubarts.com
Brent E. Basden
State Bar No. 24047828
brent.basden@koningrubarts.com

**KONING RUBARTS LLP**
1700 Pacific Avenue, Suite 1890
Dallas, Texas 75201
214-751-7900
214-751-7888 – fax

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 21, 2014, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send electronic notification of such filing

to all counsel of record who have consented to service by electronic means.


<u>s/ Bobby M. Rubarts                      </u>
Bobby M. Rubarts