UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED COMMERCE CENTER, INC.,** | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | |
| **THE TRAVELERS LLOYDS** | § | **CIVIL ACTION NO. 3:13-cv-2075-P** |
| **INSURANCE COMPANY,** | § | |
| **Defendant.** | § | |

### PLAINTIFF'S MOTION TO COMPEL AND SUPPORTING BRIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Local Rule 7.1 and Rule 37 of the Federal Rules of Civil Procedure, Plaintiff United Commerce Center, Inc. ("UCC" or "Plaintiff") moves the Court for an order compelling Defendant The Travelers Lloyds Insurance Company ("Travelers") to produce information and documents it has withheld from production as follows:

### I.   INTRODUCTION

1.   This is an insurance coverage and bad faith case.  UCC has requested documents relating to Travelers' investigation of the insurance claim.  While Travelers has produced some of the documents requested, it has redacted information from those documents and has withheld others, claiming the attorney work product exemption.

2.   Based upon the documents Travelers has produced, however, it does not appear that any attorney was involved in the claim process at the time period covering the documents at issue.  Instead, it appears that the documents being withheld simply reflect communications between Travelers' adjusters relating to the costs and documentation for the roofing repair work that is the subject of the insurance claim. In context, these communications appear to be nothing

more than the investigation and adjusting of UCC's insurance claim in the ordinary course of Travelers' business. As a result, the work product exemption is inapplicable, and Travelers should be compelled to produce the information it is withholding.

## II.    FACTS

3.    According to Travelers' Privilege Log, it has redacted information from some of the documents produced and withheld other documents responsive to UCC's document request in sixteen different instances. *See* Travelers' Privilege Log, which is included as Exhibit A in the Appendix to Plaintiff's Motion to Compel (the "Appendix"), at pp. 2-3.[1] Apparently, Travelers is claiming that it anticipated litigation on December 15, 2012 and that all internal communications thereafter are exempt from discovery because the primary motivation in having those communications was to create documentation for use in this litigation.

4.    As the Court can see, however, the majority of the information withheld is nothing more than communications between Travelers' adjusters, Laura de la Garza and Blake Kilpatrick.[2] *See* App. Ex. A at pp. 2-3. As the Court also can see, Travelers' Privilege Log fails to demonstrate any attorney was involved in requesting that these communications be documented for use in litigation. *Id*.

5.    Further, the documents Travelers *has* produced fail to demonstrate that there was any shift in its conduct on December 15, 2012 from a normal investigation of the claim. In fact, it appears that Travelers simply continued to investigate the claim in the same manner as it had

---

[1] UCC's Appendix in Support of its Motion to Compel is filed contemporaneously with this Motion and is incorporated by reference. Citations herein to specific exhibits and pages within in the Appendix will take the following form: "App. at Ex. ___, p. ___."

[2] In Travelers' initial disclosures, it has identified Ms. de la Garza as its adjuster and Mr. Kilpatrick as its adjusters on this insurance claim. *See* App. at Ex. B, pp. 7-8.

before December 15th—by communicating with the insured's public adjuster and roofer and requesting documents from them substantiating the work. *See* App. Ex C[3] at pp. 11-42.

6.      Similarly, Traveler's claim file—or at least the part of it that Travelers has produced to date—fails to demonstrate that any attorney had been retained or was part of the claim process even as late as a month after Travelers allegedly anticipated litigation. *See* App. Ex. D at pp. 62-63.[4]

### III.     ARGUMENT AND AUTHORITES

7.      As an initial matter, the federal work product doctrine provides a limited discovery exemption for "documents and tangible things" prepared for a party or that party's representative "in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3).  It appears that Travelers is attempting to apply this privilege to a record of the "communications" between its adjusters rather than to any "documents and tangible things" that were created.  Further, there is no evidence of any attorney's involvement in these communications or an attorney's request to the adjusters to create a record of their communications for use in this litigation.

8.      This is an inappropriate and expansive use of the privilege. "Like all privileges, the work product doctrine must be strictly construed." *Connect Insured Telephone, Inc. v. Qwest Long Distance, Inc.*, 2011 WL 4736292 at * 4 (N.D. Tex 2011, Oct. 6 2011) *citing Mims v. Dallas County*, 230 F.R.D. 479, 484 (N.D. Tex.2005).  The burden is on the party asserting

---

[3] Exhibit C is the totality of the emails produced by Travelers from its files.

[4] Exhibit D is the totality of the claims file Travelers has produced.  As the Court can see, the most recent entry in the file is January 26, 2013.  Exhibit C, however, demonstrates that Travelers continued to communicate with UCC's agent regarding the claim—with no discussion or threat of litigation by the either of the parties—until March 14, 2013.  *See* App. Ex. C at p. 42.  Presumably, Travelers has entries in its claim file that post-date January 26, 2013, which it is withholding from production.  By this Motion, UCC is also moving to compel production of the remainder of Travelers' claim file up until the date UCC filed suit, May 1, 2013.

**PLAINTIFF'S MOTION TO COMPEL AND SUPPORTING BRIEF -- Page 3**

work product protection to establish that the materials in question were prepared in anticipation of litigation or for trial. *Id.*

9.      Even if, for the sake of argument, the Court were to consider that the work product doctrine potentially is applicable to the communications at issue, Travelers has failed to demonstrate the privilege attaches. It is clear that "[m]aterials assembled in the ordinary course of business" were never intended to qualify as work product. *See* Fed. R. Civ. P. 26, Adv. Comm. Notes; *United States v. El Paso Co.*, 682 F. 2d 530, 542 (5th Cir. 1982), *cert denied*, 466 U.S. 944 (1984). If the document would have been created without regard to whether litigation was expected to occur, it was made in the ordinary course of business and would not qualify as work product. *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 477 (N. D. Tex. 2004).

10.     In fact, if a document would serve a dual purpose—that is, it would both be useful in the ordinary course of business and in aid of litigation—it does not qualify for the work product privilege. "If a party or its attorney prepares a document in the ordinary course of business, 'it will not be protected from [discovery] even if the party is aware that the document may also be useful in the event of litigation.'" *Electronic Data Systems, Corp. v. Steingrabber*, 2003 WL 21653414 at * 5 (E.D. Tex. Jul. 9, 2003), *quoting Occidental Chem. Corp. v. OHM Remediation Servs. Corp.*, 175 F.R.D. 431, 435 (W.D. N.Y. 1997). Indeed, for the privilege to attach, "the primary motivating purpose" behind the creation of the document must have been for use in future, possible litigation. *In re Kaiser Aluminum & Chemical Co.,* 214 F.3d 586, 593 (5th Cir. 2000), *cert. denied*, 532 U.S. 919 (2000).

11.     For this reason, many courts have found that documents related to an insurer's investigation of a claim (or coverage investigation) do not qualify as work product. "'[C]ourts have routinely recognized that the investigation and evaluation of claims is part of the regular,

ordinary, and principal business of insurance companies.'" *Lanelogic, Inc. v. Great American Spirit Insurance Co*, 2010 WL 1839294 at *4 (N.D. Tex. May 6, 2010), *citing Douga v. D & A Boat Rentals, Inc.*, No. Civ. A. 04–1642, 2007 WL 1428678 at *4 (W.D. La. May 10, 2007), *quoting Piatkowski v. Abdon Callais Offshore, L.L.C.,* No. Civ. A. 99–3759, 2000 WL 1145825 at *2 (E.D. La. Aug.11, 2000). This is true even if the insurer believes it can deny or resist the claim. "Documents created by an insurer or its representative tend not to be protected by the work product doctrine if they were prepared as a 'more or less routine investigation of a possibly resistible claim.'" *Kan. City S. Ry. Co. v. Nichols Constr. Co., L.L.C.*, Nos. 05–1182, 05–5220, 05–4653, 2007 WL 2461014, at *5 (E.D. La. Aug.27, 2007), *quoting Tejada Fashions Corp. v. Yasuda Fire & Marine Ins. Co. (U.K.), Ltd.*, No. 83 Civ. 5512(RO), 1984 WL 500, at *3 (S.D. N.Y. June 18, 1984).

12.     Routine investigatory documents are not exempt from discovery even when litigation *is anticipated or actually ongoing*. "[E]ven though litigation is pending or may eventually ensue does not cloak such routinely generated documents with work product protection." *Piatkowski*, 2000 WL 1145825 at *2, *citing AmakFood Corp. v. The Travelers Co.*, No. 80–5753, slip op. at 2 (S.D. N.Y. Apr. 27, 1981) and *Atlanta Coca–Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 118 (N.D. Ga.1972). And insurers cannot avoid this result by using attorneys to investigate and adjust the claim. "To the extent [an] attorney acted as a claims adjuster, claims process supervisor, or claim investigation monitor, and not as a legal advisor, the attorney-client privilege would not apply." *Harper v. Auto–Owners Ins. Co.*, 138 F.R.D. 655, 671 (S.D. Ind. 1991).

13.     In an insurance dispute, "whether documents are work product often depends on whether the insurer can point to a definite shift from acting in its ordinary course of business to

acting in anticipation of litigation." *Lanelogic, Inc.*, 2010 WL 1839294 at *4. As set forth above, the documents Travelers has produced demonstrate no shift in its conduct after December 15, 2012, the date on which it claims its motivations for its conduct changed. In fact, the documents demonstrate nothing other than a continuation of the insurer's investigation of a claim it apparently intended to resist.

14.     Fundamentally, it is Travelers' burden to show "the primary motivating purpose" behind the creation of the document was for use in future litigation. *In re Kaiser Aluminum & Chemical Co.*, 214 F.3d 586, 593 (5th Cir. 2000), *cert. denied,* 532 U.S. 919 (2000). Among the factors in determining the "primary motivation" for creating a document are "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Navigant Consulting, Inc. v. Wilkinson,* 220 F.R.D. 467, 477 (N.D. Tex. 2004), *quoting Electronic Data Systems Corp. v. Steingraber*, No. 4–02–CV–225, 2003 WL 21653414 at *5 (E.D. Tex. Jul.9, 2003).

15.     In this case, there is no evidence Travelers retained counsel who was either involved in the communications with the adjusters or requested the adjusters to document their communications for use in litigation. That there is no evidence of any outside counsel's involvement, "militates strongly against a finding that the 'primary motivating purpose' behind the creation of the [records] was to aid in this lawsuit." *Mims v. Dallas County,* 230 F.R.D. 479, 485 (N. D. Tex. 2005).

### IV.   CONCLUSION

16.     Travelers' Privilege Log fails to demonstrate that its primary motivating purpose in creating the documents it is withholding from UCC was to aid it in this lawsuit. Instead, it

appears the documents described on Travelers' Privilege Log were simply part of Travelers' ordinary investigation of UCC's insurance claim. As such, the work product exemption does not apply and the documents should be produced.

18.     Further, although it is not evidenced by Travelers' Privilege Log, it appears that Travelers should have entries in its claim file after January 26, 2013. To the extent such entries exist, UCC also moves the Court to order production of the remainder of Travelers' claim file up until the date UCC filed this lawsuit against Travelers on May 1, 2013.

**WHEREFORE**, Plaintiff respectfully requests the Court to grant its Motion to Compel and provide it with such other and further relief to which it may be entitled.

                              Respectfully submitted,

                              <u>s/ Bobby M. Rubarts</u>
                              Bobby M. Rubarts
                              State Bar No. 17360330
                              bobby.rubarts@koningrubarts.com
                              Brent E. Basden
                              State Bar No. 24047828
                              brent.basden@koningrubarts.com

                              **KONING RUBARTS LLP**
                              1700 Pacific Avenue, Suite 1890
                              Dallas, Texas 75201
                              214-751-7900
                              214-751-7888 – fax

                              **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 28, 2014, I conferred with counsel for Defendant who opposes the relief sought because she believes the privilege her client has asserted is valid.

    s/ Bobby M. Rubarts

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

    s/ Bobby M. Rubarts