UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED COMMERCE CENTER, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-cv-02075-P |
| | § | |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant The Travelers Lloyds Insurance Company ("Defendant") files its Answer to Plaintiff's First Amended Complaint. As authorized by Fed. R. Civ. P. 15, Defendant hereby states as follows:

**I.**

**ANSWER**

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits it issued policy IL-PAC-8196M527-TLC-10, effective November 4, 2010 to November 4, 2011 (the "Policy"), to Plaintiff. Defendant also admits the property located at 1720 E. Irving Blvd., Irving, Texas (the "Property") was listed in the

Schedule of Locations and Buildings in the Policy. Defendant would otherwise state the Policy speaks for itself and therefore denies the remaining allegations in paragraph 5 of the Complaint.

6. Defendant admits the roof on the Property was damaged by hail in 2011 and that Plaintiff made an insurance claim with Defendant. Defendant would otherwise state the Policy speaks for itself and therefore denies the remaining allegations in paragraph 6 of the Complaint.

7. Defendant admits it timely investigated Plaintiff's claim, acknowledged hail damage occurred to the Property and completed a property damage estimate. Defendant denies the remaining allegations in paragraph 7 of the Complaint.

8. Defendant admits repairs to the Property were completed by January 2013. Defendant further admits that it paid $684,565.84 minus Defendant's $1,000 deductible to Plaintiff and that an RCV payment was issued to Plaintiff after documents were produced in this case which allowed Defendant to determine the amount actually spent that was necessary to replace the damaged property. Defendant would state that the Policy speaks for itself. Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant admits Plaintiff is seeking attorney's fees and costs of Court pursuant to Texas Civil Practice and Remedies Code section 38.001. Defendant denies the remaining allegations in paragraph 25 of the Complaint.

26. Defendant admits Plaintiff is seeking exemplary damages, but denies Plaintiff is entitled to recover exemplary damages in this case. Defendant denies the remaining allegations in paragraph 26 of the Complaint.

27. No response is required to the allegations in paragraph 27 of the Complaint, wherein Plaintiff demands a trial by jury.

28. Defendant denies that Plaintiff is entitled to the relief requested in the Prayer and denies any allegation in the Complaint not expressly admitted herein.

## II.

## ADDITIONAL DEFENSES

1. Travelers denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2. Coverage is precluded to the extent the loss was not caused by a "Covered Cause of Loss" or a "Specified Cause of Loss."

3. Coverage is precluded to the extent that the loss occurred outside the policy period.

4. Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property that has not been repaired or replaced.

5. Coverage is precluded to the extent Plaintiff seeks reimbursement for "increased cost of construction" due to "enforcement of the minimum requirements of any ordinance or law" in excess of the $25,000 sub-limit provided in the Policy.

6. Coverage is precluded to the extent Plaintiff seeks reimbursement for more than the least of: (i) the applicable policy limit, (ii) the "cost to replace the damage property" with property of "comparable material and quality" used "for the same purpose"; or (iii) the "amount actually spent that is necessary to repair or replace the damaged property."

7. Plaintiff's claims are barred in whole or in part by the wear and tear exclusion.

8. Plaintiff's claims are barred in whole or in part by the exclusion for damage or loss due to "[s]ettling, cracking, shrinking, bulging or expansion of pavements, foundations, walls, floors, roofs, ceilings, curbs, fences, retaining walls or swimming pools."

9. Plaintiff's claims are barred in whole or in part by the exclusion for damage or loss due to "[r]ust, corrosion, fungus, decay, deterioration, wet or dry rot, mold, hidden or latent defect or any quality in property that causes it to damage or destroy itself."

10. Plaintiff's claims are barred in whole or in part by the exclusion for faulty, inadequate or defective: "(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction, renovation or remodeling; or (4) Maintenance; of part or all of any property on or off the described premises."

11. Plaintiff's claims are barred in whole or in part because the Policy precludes coverage for damage to the "'interior of any building or structure' caused by rain, snow, sleet, or ice whether driven by wind or not," unless: "The building or structure first sustains actual damage to the walls by wind or hail and then we will pay only for the loss to the 'interior of the building or structure' that is caused by rain, snow, sleet, sand or dust entering the building(s) or structure(s) through the openings in the roof or walls made by direct action of wind."

12. Some or all of Plaintiff's claims may be excluded by breach of policy requirements and/or conditions in the Policy, including the insured's duties in the event of loss or damage, such as the failure to give prompt notice; failure provide a description of when the loss or damage occurred; failure to take reasonable steps to protect Covered Property from further damage; failure to provide complete inventories of the damaged property including quantities, costs, values and amount of loss claimed; and failure to cooperate during the investigation and settlement of the claim.

13. To the extent a disagreement exists regarding the amount of loss properly subject to appraisal, the Policy provides that if Travelers and the insured disagree on the amount of loss "either may make written demand for an appraisal of the loss."

14. Plaintiff has failed to mitigate its damages.

15. Plaintiff's claims are barred in whole or in part because the Policy precludes coverage for loss or damage caused by or resulting from "[c]ontinuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more."

16. Plaintiffs' claims are barred in whole or in part because the Policy precludes coverage for "[n]eglect of an insured to use reasonable means to save and preserve property from further damage at and after the time of loss."

17. Plaintiff's claims are subject to the commercial property deductible of the insurance policy at issue as well as the limits therein.

18. The insurance coverage may be reduced, or precluded entirely, due to the other insurance clause in the policy, and the existence of other available insurance.

19. All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Travelers had no control.

20. Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer, including Travelers.

21. Plaintiff's claims may be barred in whole or in part by the one satisfaction rule.

22. Plaintiff's exemplary damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant The Travelers Lloyds Insurance Company prays that Plaintiff take nothing by this suit, and that Defendant go hence and recover costs on its behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1827 (Direct)
(214) 871-2111 (Fax)
llewis@qslwm.com
apuckett@qslwm.com

ATTORNEYS FOR DEFENDANT THE
TRAVELERS LLOYDS INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel of record on this 7th day of March 2014, by CM/ECF at the address indicated below:

Bobby M. Rubarts
Koning Rubarts LLP
1700 Pacific Avenue, Suite 1890
Dallas, Texas 75201

*/s/ Wm. Lance Lewis*
Wm. Lance Lewis / Alissa Puckett